1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

REINA TEA WOOD-JIMENEZ.,

Plaintiff,

v.

DEPARTMENT OF MOTOR VEHICLES NEVADA.,

Defendant.

Case No. 3:23-CV-00583-MMD-CLB

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND PROOF OF SERVICE**

[ECF No. 37]

Currently pending before the Court is a motion filed by Plaintiff Reina Tea Wood-Jimenez ("Wood-Jimenez"). (ECF No. 37.) The filing was docketed as a motion to correct the Court's order denying Wood-Jimenez's motion requesting a hearing with the Court, (ECF No. 36). (*Id.*) In that order, the Court denied Wood-Jimenez's motion for a hearing for various reasons, including that it would be improper to set a hearing when it is unclear whether service has been effectuated and there are no notices of appearance in this case by the Nevada Department of Motor Vehicles ("DMV") or Julie Butler, who Wood-Jimenez includes on her filings in the address section for the DMV. (ECF No. 36.) Although the currently pending motion was docketed as a motion to correct the Court's previous order, the title on the document itself relates only to proof of service. (ECF No. 37.) Other than conveying that the motion is about proof of service, the motion is unclear as to what relief is requested. (*Id.*) For the reasons discussed below, Wood-Jimenez's motion, (ECF No. 37), is granted in part and denied in part.

First, to the extent that Wood-Jimenez seeks the Court correct its previous order, (ECF No. 36), the motion is **denied**. Wood-Jimenez does not provide any explanation for why the Court's previous order should be corrected and therefore the Court declines to reconsider that order.

Next, to the extent that Wood-Jimenez seeks an advisory opinion on whether she successfully completed service of process, the motion is **denied**. The Court cannot

provide legal advice to litigants, nor will the Court opine on whether "additional service" is necessary. (ECF No. 37 at 2.) "Judges are not like pigs, hunting for truffles buried in briefs," and the Court will not comb through Wood-Jimenez's many filings to determine if service was properly effectuated. *U.S. v. Dunkel*, 927 F.2d 955, 957 (7th Cir. 1991).

While the Court understands that Wood-Jimenez is proceeding *pro se*, *pro se* litigants are still required to abide by the Federal Rules of Civil Procedure, the Nevada Rules of Civil Procedure, and the Court's Local Rules. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted), overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Regardless of her *pro se* status, however, it is the plaintiff's obligation to effectuate service. Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.").[1] If a plaintiff fails to effectuate service, Federal Rule of Civil Procedure 4(m) provides district courts discretion in determining whether to dismiss a party for failure to timely effect service. *Id.* at 375–76.

However, as previously stated, it is unclear exactly what relief Wood-Jimenez seeks. To the extent Wood-Jimenez intended the motion to request an extension of time to effectuate service of process, the Court **grants** this request and Wood-Jimenez shall have an additional thirty days from the date of this order to show proof of service.

Finally, Wood-Jimenez's motion requests that the Court direct the U.S. Marshall's

---

[1]     The Court notes that a plaintiff's responsibility to complete service means he or she must comply with the rules of service. Service may be completed by "[a]ny person who is at least 18 years old *and not a party*." Fed. R. Civ. P. 4(c)(2); Nev. R. Civ. P. 4(c)(3) (emphasis added). A state agency must be served by delivering a copy of the summons and complaint to its chief executive officer or by serving a copy of each in the manner prescribed by the state's law for serving a summons or like process on such a defendant. Fed. R. Civ. P. 4(j)(2). The State of Nevada requires that a state agency must be served by delivering a copy of the summons and complaint to the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; and the person serving in the office of administrative head of the named public entity, or an agent designated by the administrative head to receive service of process. Nev. R. Civ. P. 4.2(d)(1).

1    service ("USMS") to serve the defendant in this case. (ECF No. 37 at 2.) "At the plaintiff's

2    request, the court may order that service be made by a United States marshal or

3    deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

4    The court is only required to order such service "if the plaintiff is authorized to proceed in

5    forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. §

6    1916." Fed. R. Civ. P. 4(c)(3). The decision to appoint a process server is committed to

7    the court's discretion and may be appropriate where, for instance, "a law enforcement

8    presence appears to be necessary or advisable to keep the peace." Fed. R. Civ. P.

9    4(c) advisory committee's note to 1993 amendment. According to the Congressional

10   record, service by USMS is available only in a "limited number of instances," and "the

11   plaintiff is expected first to seek service by private means whenever feasible rather than

12   impose the burden on the Marshals Service." 93 F.R.D. 255, 262 (1981); 96 F.R.D. 81,

13   127 (1983). Consequently, "court orders directing service by marshal should not be

14   issued unless they really are necessary." *Id.*

15        Here, Wood-Jimenez is not proceeding *in forma pauperis*. (ECF No. 30.) Whether

16   to order service by the USMS is therefore within the Court's

17   discretion. *See* Fed. R. Civ. P. 4(c)(3).  The Court finds that Wood-Jimenez has not met

18   her burden of demonstrating that such an order "really [is] necessary" because she does

19   not explain why she requires USMS assistance in completing service. *See,*

20   *e.g.*, *Hollywood v. Carrows Cal. Family Restaurants*, No. CV 18-2098-JGB (GJS), 2018

21   WL 7461690, at *1–2 (C.D. Cal. Apr. 26, 2018) (denying motion

22   under Rule 4(c)(3) because the "bare requests do not indicate what steps plaintiff ... has

23   taken to effect service of process before seeking the assistance of the

24   U.S. Marshal's Service, nor do they explain why such assistance is warranted"); *Jones v.*

25   *Goodman*, No. Civ. A. 91-7560, 1992 WL 185634, at *1 (E.D. Pa. July 21, 1992) ("[B]efore

26   this court invokes the resources of the government to effect service of process in this

27   matter, plaintiff must first exert some effort to complete service."). Additionally, Wood-

28   Jimenez's seems to assert in her motion that she has already effectuated service. (ECF

No. 37.) Therefore, the Court **denies** Wood-Jimenez's motion to the extent it requests the Court order the USMS to serve defendants in this case.

**IT IS THEREFORE ORDERED** that the motion, (ECF No. 37), is **GRANTED** in part and **DENIED** in part as follows:

- To the extent the motion requests the Court to correct its prior order, (ECF No. 36), it is **DENIED**;
- To the extent the motion requests an advisory opinion on whether Wood-Jimenez successfully completed service of process, it is **DENIED**;
- To the extent the motion seeks an extension of time to complete service, it is **GRANTED** and Wood-Jimenez shall have an additional thirty days from the date of this order to complete service; and
- To the extent the motion requests the USMS to serve any defendants, it is **DENIED**.

**IT IS SO ORDERED.**

**DATED**:  March 29, 2024 .

**UNITED STATES MAGISTRATE JUDGE**