UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REINA WOOD-JIMENEZ, | Case No. 3:23-cv-00583-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| DEPARTMENT OF MOTOR VEHICLES, | |
| Defendant. | |

**I.   SUMMARY**

*Pro se* Plaintiff Reina Wood-Jimenez filed a complaint alleging violations of her civil rights under 42 U.S.C. § 1983. (ECF No. 1.)[1] Before the Court is Defendant Department of Motor Vehicles ("DMV")'s motion to dismiss. (ECF No. 52 ("Motion").)[2] The Court grants Defendant's Motion because claim preclusion prevents Plaintiff from bringing the same case for a second time.

**II.   BACKGROUND**

Plaintiff is a former resident of Nevada who the Second Judicial District Court of the State of Nevada found guilty of Driving Under the Influence ("DUI") in 2012. (ECF No. 1-1 at 42.) The court sentenced Plaintiff to imprisonment in the Nevada Department of Corrections and, upon her release, a three-year driver's license revocation period. (*Id.* at 43.) The state court also ordered her to install a breath interlock device on

---

[1]This case was originally filed in the United States District for the District of Columbia and then transferred to this Court because venue was improper. (ECF No. 6.) Plaintiff now lives in Washington D.C.

[2]The Court reviewed Plaintiff Reina Wood-Jimenez's response (ECF No. 56) and Defendant's reply (ECF No. 63). The Court also reviewed Plaintiff's Emergency Motion for Default Judgment (ECF. No. 71) and determined that it did not warrant emergency action because Plaintiff did not articulate any justification for immediate relief in it, and because Defendant has made an appearance.

any vehicle she owned or operated as a condition of obtaining a restricted driver's license and reinstating her driving privilege. (*Id.*) The state court imposed the breath interlock device requirement for a period of no less than 12 months and no more than 36 months. (*Id.*) Plaintiff requested an administrative hearing to appeal the interlock requirement. (*Id.* at 32.) The court denied her claim because it did not have the authority to remove the statutorily-mandated requirement of the instillation of a breath interlock device in an offenders' car following a DUI conviction. (*Id.* at 35-36.)

In 2018, Plaintiff received a license from the DMV despite her not fulfilling the breath interlock device condition. (ECF No. 1 at 7.) This license listed Plaintiff's name incorrectly as Reina Tea Wood Jimenez rather than Reina Tea Wood-Jimenez. (ECF No. 1-1 at 22.) This version of her name differs from her other forms of identification. (ECF No. 1 at 5.) Plaintiff made several unsuccessful attempts with the DMV to correct her last name. (*Id.* at 7.) Less than a month after receiving her license, two police officers pulled over Plaintiff and informed her that the DMV canceled her issued license because she had not installed the breath interlock device. (*Id.*)

Plaintiff previously filed another lawsuit in federal court against the DMV alleging the same facts presented here, namely that she should not have to install the breath interlock device and that her name is incorrect in DMV records. *See* Complaint, Reina Wood-Jimenez v. DMV, No. 2:18-cv-02344 ("First Case") (D. Nev. July 1, 2019), ECF No. 15. The DMV moved to dismiss. *See id.*, ECF No. 20. The court granted the motion because Plaintiff did not properly serve the DMV, the DMV was immune from suit under the Eleventh Amendment, and because Plaintiff failed to state a claim that her constitutional rights were violated. *See id.*, ECF No. 45. Plaintiff appealed; the United States Court of Appeals for the Ninth Circuit dismissed for lack of jurisdiction and denied Plaintiff's subsequent motion for reconsideration. *See id.*, ECF Nos. 54, 55.

Plaintiff now sues the DMV again and lists the same allegations from her previously dismissed suit. (ECF No. 1.) Plaintiff requests monetary damages, an injunction "to stop

the improper conduct," an order stating that the breath interlock device is not required, and release of liability of new charges for driving on a canceled license. (*Id.* at 10.)

### III.     DISCUSSION

Claim preclusion prohibits litigation of the same issue of fact or law more than once. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988). When a lawsuit is decided, the judgment is the full measure of relief allowed between the same parties on the same claim. *See id.* For claim preclusion to apply, there must be: 1) an identity of claims; 2) a final judgment on the merits in the first action; and 3) identity or privity between the parties. *See Frank v. United Airlines, Inc.*, 216 F.3d 845, 850 (9th Cir. 2000). Claim preclusion cannot be avoided by filing the same case in a different court. *Cf. Perugini v. Safeway Stores, Inc.*, 933 F.2d 1015, 1015 (9th Cir. 1991) ("[Plaintiff] cannot circumvent the [claim preclusion] effect of the federal judgment entered against her in the Northern District of California by refiling the same claims in state court."). An identity of claims between the first and second lawsuit exists when the two suits arise out of the "same transactional nucleus of facts." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (citation omitted).

Plaintiff's claims in this case arise from the same transactional nucleus of facts as her previous suit: she is suing the DMV because she does not want to install the breath interlock device and her name is incorrect in the DMV's records. (ECF No. 1). *See also* First Case, ECF No. 15. Her complaint in this case does not articulate how this claim differs from her 2019 suit. (ECF No. 1.) The first claim preclusion requirement is accordingly satisfied. In addition, the court in the prior case found that her arguments lacked merit. *See* First Case, ECF No. 45. This means the second claim preclusion requirement is also satisfied. *See Frank*, 216 F.3d at 850 (listing the second requirement as a final judgment on the merits). The third claim preclusion requirement is also satisfied because the parties are the same as the previous case. *See id.* (listing the third requirement as well).

It makes no difference that Plaintiff filed the first lawsuit in the District of Nevada and this lawsuit in the District of District of Columbia; her claim is precluded because she already received a final judgment on the merits in a prior case based on the same facts.

Moreover, as Defendant points out, Plaintiff's suit would still fail because it would violate the Eleventh Amendment even if claim preclusion does not apply. (ECF No. 52 at 4.) The Eleventh Amendment prevents citizens from suing a state. *See* U.S. CONST. AMEND. XI. A state may only be sued in federal court if it has waived its Eleventh Amendment immunity, and Nevada has not waived immunity. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); NRS § 41.031(3) (1977). This immunity from lawsuits extends to state agencies. *See Eaglesmith v. Ward*, 73 F.3d 857, 859-60 (9th Cir. 1995), *as amended* (Jan. 23, 1996). The DMV is a state agency and thus cannot be sued. *See Linlor v. Breslow*, No. 3:11-CV-0508-LRH-RAM, 2011 WL 6400377, at *1 (D. Nev. Dec. 20, 2011). Therefore, Plaintiff's complaint could not proceed even if it was not precluded because she names only the DMV as a defendant, and it is immune from suit.[3]

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

///
///
///
///
///
///

---

[3] In addition, Plaintiff did not set forth a legitimate claim that any of her constitutional rights were violated from the revocation of her license. *See Williams v. Gentry*, No. 204CV01620KJDEJY, 2020 WL 3302971, at *28 (D. Nev. June 18, 2020) (holding that there is no constitutional right to drive because driving is privilege, not a right).

4

It is therefore ordered that Defendant's motion to dismiss (ECF No. 52) is granted.

It is further ordered that Plaintiff's emergency motion for default judgment (ECF No. 71) is denied.

It is further ordered that this case is dismissed in its entirety.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 18th Day of September 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE